**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Habibunnisa Begum, Respondent,

v.

Florence County Assessor, Appellant.

Appellate Case No. 2019-001800

—————

Appeal From The Administrative Law Court
Milton G. Kimpson, Administrative Law Judge

—————

Unpublished Opinion No. 2022-UP-069
Submitted February 8, 2022 – Filed February 16, 2022

—————

**AFFIRMED**

—————

D. Malloy McEachin, Jr., of McEachin & McEachin,
P.A., of Florence, for Appellant.

Kevin Mitchell Barth, of Barth, Ballenger & Lewis, LLP,
of Florence; Andrew Sims Radeker, of Harrison, Radeker
& Smith, P.A., of Columbia; and John D. Elliott, of
Columbia, for Respondent.

—————

**PER CURIAM:** The Florence County Tax Assessor (the Assessor) appeals an order from the Administrative Law Court (ALC) finding Habibunnisa Begum was domiciled at the subject property and thus qualified to be taxed at the special

assessment ratio of 4% of her property's fair market value (the special assessment ratio) and reversing the decision of the Florence County Board of Assessment Appeals. On appeal, the Assessor argues the ALC erred by (1) concluding Begum qualified for the 4% special assessment pursuant to section 12-43-220(C)(2)(i) and (ii) of the South Carolina Code (2014 & Supp. 2021), (2) holding Begum's status under the Immigration Naturalization Act (the Act) was other than that of a non-immigrant worker visa, and (3) failing to give deference to the administrative interpretation of section 12-43-220(C)(2)(i) and (ii). We affirm.

Begum came to the United States in 2005 on an exchange visitor's visa to work in the Marion County School District (the School District). Subsequently, the School District sponsored her for an H-1B work visa, and she has remained in the School District's employment since that time. When Begum applied for the special assessment ratio in 2017, she had lived in South Carolina for thirteen years and lived in the home on the subject property—the only home she owns—since she entered into the thirty-year mortgage in July 2016. Begum's South Carolina driver's license lists her address as the subject property, she pays state taxes on her real and personal property and as a resident on her income, and she testified she intended the subject property to be her permanent home. Further, she testified her oldest daughter was a student at Francis Marion University and her youngest daughter, who was eight at the time of the ALC hearing, was born in South Carolina. Begum also testified she applied for permanent resident status in 2012 and provided proof of the renewal of her H-1B visa through July 2020.[1] Thus, there is substantial evidence to support the ALC's finding Begum intended to make the subject property her domicile. *See Kiawah Dev. Partners, II v. S.C. Dep't of*

---

[1] As the ALC noted in its order, the H-1B visa has a six-year limit unless the holder meets an exemption such as for individuals awaiting an adjustment in permanency status. *See* 8 U.S.C.A § 1184(g)(4) (West 2019) (providing the period of authorized admission for an H-1B visa may not exceed six years); *Sage IT, Inc. v. Cissna*, 314 F. Supp. 3d 203, 205 (D.D.C. 2018) ("In 2000, Congress created two mechanisms to allow H-1B visa holders to extend their nonimmigrant status beyond the limit." (citing 8 U.S.C. § 1184 note)); *id.* (explaining the first mechanism "provides for a three-year extension if the alien (1) is the beneficiary of a petition for preference status and (2) would be eligible for this status but for per country limitations," and the second mechanism "provides for recurring one-year extensions for aliens whose labor certification or I-140 petition were filed more than 365 days prior").

*Health & Env't Control*, 411 S.C. 16, 28, 766 S.E.2d 707, 715 (2014) ("This Court confines its analysis of an ALC decision to whether it is: (a) in violation of constitutional or statutory provisions; (b) in excess of the statutory authority of the agency; (c) made upon unlawful procedure; (d) affected by other error of law; (e) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (f) arbitrary or capricious or characterized by an abuse of discretion or clearly unwarranted exercise of discretion." (quoting S.C. Code Ann. § 1-23-610(B) (2005))); *id.* ("In determining whether the ALC's decision was supported by substantial evidence, the Court need only find, looking at the entire record on appeal, evidence from which reasonable minds could reach the same conclusion as the ALC."); S.C. Code Ann. § 12-43-220(c)(1) (Supp. 2021) ("The legal residence and not more than five acres contiguous thereto, when owned totally or in part in fee or by life estate and occupied by the owner of the interest . . . are taxed on an assessment equal to four percent of the fair market value of the property. . . .  For purposes of the assessment ratio allowed pursuant to this item, a residence does not qualify as a legal residence unless the residence is determined to be the domicile of the owner-applicant."); S.C. Code Ann. § 12-43-220(c)(2)(i) (Supp. 2021) ("To qualify for the special property tax assessment ratio allowed by this item, the owner-occupant must have actually owned and occupied the residence as his legal residence and been domiciled at that address for some period during the applicable tax year."); S.C. Code Ann. § 12-43-220(c)(2)(ii) (2014) ("In the application the owner or his agent shall provide all information required in the application, and shall certify to the following statement: 'Under penalty of perjury I certify that: (A) the residence which is the subject of this application is my legal residence and where I am domiciled at the time of this application and that neither I, nor any member of my household, claim to be a legal resident of a jurisdiction other than South Carolina for any purpose; and (B) that neither I, nor a member of my household, claim the special assessment ratio allowed by this section on another residence.'"); *Se. Kusan, Inc. v. S.C. Tax Comm'n*, 276 S.C. 487, 489, 280 S.E.2d 57, 58 (1981) ("As a general rule, tax exemption statutes are strictly construed against the taxpayer.  This rule of strict construction simply means that constitutional and statutory language will not be strained or liberally construed in the taxpayer's favor." (citation omitted)); *Hodges v. Rainey*, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000) ("What a legislature says in the text of a statute is considered the best evidence of the legislative intent or will.  Therefore, the courts are bound to give effect to the expressed intent of the legislature." (quoting Norman J. Singer, *Sutherland Statutory Construction* § 46.03 at 94 (5th ed. 1992))); *Branch v. City of Myrtle Beach*, 340 S.C. 405, 409-10, 532 S.E.2d 289, 292 (2000) ("When faced with an undefined statutory term, the Court must interpret the term in accord with its usual and customary meaning."); *Phillips v.*

*S.C. Tax Comm'n*, 195 S.C. 472, 477, 12 S.E.2d 13, 16 (1940) ("'The phrase "legal residence" is sometimes used as the equivalent of domicile'; and it seems to me that in connection with the matter of the assessment of an income tax no sound distinction can be drawn between 'legal residence' and 'domicile'." (quoting 17 Am. Jur. 596)); *id.* ("The term 'domicile' means the place where a person has his true, fixed and permanent home and principal establishment, to which he has, whenever he is absent, an intention of returning. The true basis and foundation of domicile is the intention, the quo animo, of residence."); S.C. Code Ann. Regs. 117-1800.1(2) (Supp. 2013) ("For property tax purposes the term 'Legal Residence' shall mean the permanent home or dwelling place owned by a person and occupied by the owner thereof and where he or she is domiciled."); *Gasque v. Gasque*, 246 S.C. 423, 427, 143 S.E.2d 811, 812 (1965) ("The question of domicile is largely one of intent to be determined under the facts and circumstances of each case."); *Ravenel v. Dekle*, 265 S.C. 364, 379, 218 S.E.2d 521, 528 (1975) ("[I]ntent is a most important element in determining the domicile of any individual. It is also elementary, however, that any expressed intent on the part of a person must be evaluated in the light of his conduct which is either consistent or inconsistent with such expressed intent.").

**AFFIRMED.**[2]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.